[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 10, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-15165
Non-Argument Calendar

_____

D. C. Docket No. 05-20229-CR-JEM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MICHAEL PERCIVAL HARRISON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(July 10, 2006)**

Before TJOFLAT, CARNES and WILSON, Circuit Judges.

PER CURIAM:

Michael Percival Harrison appeals his 90-month sentence for (1) conspiracy

to import 100 grams or more of heroin, 21 U.S.C. § 963; (2) importation of 100 grams or more of heroin, 21 U.S.C. §952(a); (3) conspiracy to possess with intent to distribute 100 grams or more of heroin, 21 U.S.C. § 846; and (4) possession with intent to distribute 100 grams or more of heroin, 21 U.S.C. § 841(a)(1).

First, Harrison contends that the district court erred by enhancing his offense level by three points for his role in the offense. He argues that the court improperly found that he was a manager or supervisor even though he was pressured by drug dealers to participate in the offense by soliciting individuals to take a cruise and bring back narcotics to the United States on the return cruise. He also argues that he was not as involved in the drug scheme as the other participants, he did not exercise control or supervision over the other participants, and he was never entrusted by the drug dealers with the money or drugs that were the subject of the offense.

We review the district court's application of the United States Sentencing Guidelines ("guidelines") de novo and its factual findings for clear error. United States v. Lee, 427 F.3d 881, 892 (11th Cir. 2005), cert. denied, 126 S.Ct. 1447 (2006). After United States v. Booker, 543 U.S. 220, 125 S.Ct. 738 (2005), the district court still must calculate the guidelines range correctly, and the same standards of review apply to its calculations. See United States v. Crawford, 407

F.3d 1174, 1178-79 (11th Cir. 2005). We review only for clear error a district court's determination of a defendant's role in the offense. United States v. DeVaron, 175 F.3d 930, 937 (11th Cir. 1999) (en banc).

The guidelines provide that "[i]f the defendant was a manager or supervisor (but not an organizer or leader) and the criminal activity involved five or more participants or was otherwise extensive," the defendant's offense level is increased by three levels. U.S.S.G. § 3B1.1(b). In analyzing a defendant's role, the district court should consider "the exercise of decision making authority, the nature of participation in the commission of the offense, the recruitment of accomplices, the claimed right to a larger share of the fruits of the crime, the degree of participation in planning or organizing the offense, the nature and scope of the illegal activity, and the degree of control and authority exercised over others." U.S.S.G. § 3B1.1, comment. (n.4).

The district court did not clearly err by enhancing Harrison's sentence based on his role as a manager or supervisor. By recruiting his codefendants and assisting them in obtaining the drugs used to carry out the offense, Harrison played a managerial role in the offense and he exercised supervision over participants in it.

Harrison also contends that the sentence imposed by the district court was not reasonable under Booker review. He argues that the court failed to give

3

adequate consideration to his mitigating personal characteristics, including the absence of a father during childhood, his father's rejection of him at age 31, and a traumatic event he suffered at age 11 when neighborhood children burned him. He states that, despite these problems, he sought to better himself through employment. Further, he argues that the district court gave insufficient weight to the disparity between his sentence and the sentence of a codefendant who was a more trusted member of the drug enterprise.

Post-Booker, we review a sentence imposed by the district court for reasonableness. United States v. Talley, 431 F.3d 784, 785 (11th Cir. 2005). The district court is not obligated to specifically address and analyze every § 3553(a) factor on the record, and district court's statement that it has considered the § 3553(a) factors alone is sufficient in post-Booker sentences. United States v. Scott, 426 F.3d 1324, 1330-31 (11th Cir. 2005). The factors in § 3553(a) include: (1) the nature and circumstances of the offense; (2) the history and characteristics of the defendant; (3) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment; (4) the need to protect the public; (5) the guidelines range; and (6) "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a).

4

The record indicates that the district court considered the § 3553(a) sentencing factors, including the disparity between Harrison's sentence and the sentence of his codefendant. It sentenced Harrison below the guideline range, reflecting its consideration under § 3553(a) of mitigating factors. The sentence imposed is not unreasonable.

**AFFIRMED.**